UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EARL BOYD,

        Petitioner,

                                CASE NO. 09-CV-10575
v.                             HONORABLE JOHN CORBETT O'MEARA

LLOYD RAPELJE,

        Respondent.
                                    /

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR ABEYANCE, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner James Earl Boyd ("Petitioner") was convicted of armed robbery following a bench trial in the Kalamazoo County Circuit Court and was sentenced as a fourth habitual offender to nine to 30 years imprisonment in 2007. In his petition, Petitioner raises claims concerning judicial bias, judicial conflict of interest, improper sentencing enhancement, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. Respondent has filed an answer to the petition asserting that it should be dismissed because Petitioner has not exhausted his ineffective assistance of appellate counsel claim in the state courts. Petitioner has filed a reply to that answer and a motion to hold this matter in abeyance. For the reasons stated, the Court dismisses without prejudice the petition for writ of habeas corpus and denies the motion for abeyance. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Facts and Procedural History**

1

Petitioner's conviction arises from his theft of cigarettes from a Kalamazoo convenience store while armed with a box cutter on December 23, 2006.  Following his conviction and sentencing, Petitioner pursued an appeal as of right with the Michigan Court of Appeals.  Appellate counsel filed an *Anders*[1] brief along with a motion to withdraw indicating that there were no issues for appeal.  Petitioner filed a pro per brief raising claims of judicial bias, judicial conflict of interest, improper sentencing enhancement, and ineffective assistance of trial counsel.  The Michigan Court of Appeals granted appellate counsel's motion to withdraw and affirmed Petitioner's conviction.  *People v. Boyd*, No. 281503 (Mich. Ct. App. June 13, 2008) (unpublished).  Petitioner then filed a motion for reconsideration raising his ineffective assistance of appellate counsel claim.  The Michigan Court of Appeals denied reconsideration.  *People v. Boyd*, No. 281503 (Mich. Ct. App. July 16, 2008) (unpublished).  Petitioner sought leave to appeal with the Michigan Supreme Court raising all five claims, but his application was denied in a standard order.  *People v. Boyd*, 482 Mich. 1067, 760 N.W.2d 464 (Nov. 25, 2008).

Petitioner dated the instant petition on February 10, 2009 raising claims of judicial bias, judicial conflict of interest, improper sentencing enhancement, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel.  As noted, Respondent has filed an answer to the petition contending that it should be dismissed on exhaustion grounds.  Petitioner has filed a reply to that answer, as well as a motion to hold this case in abeyance so that he may return to the state courts to satisfy the exhaustion requirement.

**III.   Analysis**

---

[1]*See Anders v. California*, 386 U.S. 738, 744 (1967) ("if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.").

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, the record reflects that Petitioner first raised his ineffective assistance of appellate counsel claim in his motion for reconsideration before the Michigan Court of Appeals. Presenting additional issues to an intermediate state appellate court for the first time in a such a motion does not constitute a fair presentation of claims for purposes of exhaustion. *See Paredes v. Johnson*, 230 F.3d 1359, 2000 WL 1206544, * 1-2 (6th Cir. Aug. 18, 2000) (issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals unexhausted for purposes of federal habeas review); *Merkel v. White*, No.2008 WL 4239497, *3 (E.D. Mich. Sept. 11, 2008) (same); *accord Gunter v. Maloney*, 291 F.3d 74, 81-82 (1st Cir. 2002); *Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 669 (7th Cir. 1990). Additionally, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the

3

claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claim and pursue the claim in the state appellate courts as necessary. The unexhausted ineffective assistance of appellate counsel claim concerns a matter of federal law which may warrant further review. That claim should therefore be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Petitioner asks the Court to hold his petition in abeyance so that he may return to the state courts to satisfy the exhaustion requirement. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner, however, has not shown the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about February 25, 2009. Petitioner dated the instant petition on February 10, 2009. Thus, the one-year period had not even begun to run when Petitioner instituted this action.

While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner thus has sufficient time (the one-year limitations period) in which to seek state collateral review, exhaust his issues in the state courts (thereby tolling the one-year period), and return to federal court. Additionally, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has neither alleged nor established good cause for failing to fully exhaust all of his claims in the state courts before proceeding in federal court. Lastly, Petitioner's unexhausted ineffective assistance of appellate counsel claim concerns a matter of federal law which may warrant further review. Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

**IV.   Conclusion**

For the reasons stated, the Court concludes that Petitioner has filed a "mixed" petition, that he must exhaust all of his claims in the state courts before proceeding on federal habeas review, and that a stay is unnecessary. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus and **DENIES** the motion for abeyance. Should Petitioner wish to forego pursuit of his unexhausted claim and to instead proceed only on his fully exhausted claims, he may move to re-open this case on an amended petition within **30 DAYS** of the filing date of this order. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed in forma pauperis on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


                  s/John Corbett O'Meara
                  United States District Judge

Date:  January 26, 2010


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 26, 2010, using the ECF system and/or ordinary mail.

                  s/William Barkholz
                  Case Manager